# EXHIBIT "1"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GENETURE INC., dba CITICREDIT.NET; CHERRI H. CHRISTIANSEN,
a.k.a. CHERRI SANDLER, and NICHOLAS CHRISTIANSEN, individually
and as Husband as Wife, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jon Harden

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California | (Número del Caso): |
| County of San Diego, Hall of Justice | 37-2013-00052380-CU-NP-CTL |
| 330 West Broadway, San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jon Harden, 5201 Memorial Dr Unit 220, Houston, Tx 77007 (713) 201-8616

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  Geneture Inc.

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
     [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
     [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
     [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Jon Harden
   5201 Memorial Dr. Unit 220
2  Houston, Texas 77007
   (713) 201-8616
3  Jon_Harden@outlook.com

4
   Pro Per
5

6
                    SUPERIOR COURT OF CALIFORNIA
7
                        COUNTY OF SAN DIEGO
8

9

10  JON HARDEN,                          Case Number: 37-2013-00052380-CU-NP-CTL

11              PLAINTIFF,

12  vs.                                  COMPLAINT FOR DAMAGES FOR

13                                        1. VIOLATION OF THE
    GENETURE INC., dba                       INVESTIGATIVE CONSUMER
14  CITICREDIT.NET; CHERRI H.               REPORTING AGENCIES ACT (Cal.
    CHRISTIANSEN, a.k.a. CHERRI             Civ. Cd. § 1786 et sec.) – Against
15  SANDLER, and NICHOLAS                   Defendants Christiansen.
    CHRISTIANSEN, individually and as
16
    Husband as Wife, and DOES 1 through
17  50, inclusive.                        2. VIOLATION OF THE
                                             INVESTIGATIVE CONSUMER
18                                           REPORTING AGENCIES ACT (Cal.
              DEFENDANTS.                     Civ. Cd. § 1786 et sec.) – Against
19                                           Defendant Geneture Inc.

20
                                          3.  INVASION OF PRIVACY (Cal. Const.
21                                            Art. 1 § 1) – Against All Defendants

22      COMES NOW Plaintiff Jon Harden bringing this action against the aforementioned

23  Defendants under the enumerated laws of California. Plaintiff brings this case to

24  vindicate his right to be free from intrusions upon his privacy, unlawful background

25  checks, unlawful background check procedures and remedial actions, and the disgraceful

26  homeowner and credit reporting agency actions regarding transaction(s) with the

27  Plaintiff's rental of a dwelling unit location in Los Angeles California and; to remedy the

28  unlawful acts inflicted upon him by the Defendants, and each of them.

                                    - 1 -

                            COMPLAINT FOR DAMAGES

## JURISDICTION & PARTIES

1.  At all relevant times herein. Plaintiff Jon Harden was residing in Marina Del Rey, County of Los Angeles, and State of California.

2.  At all relevant times herein, the nature and subject matter of interaction between all parties regarded the rental and rental application of a residential dwelling unit located 1750 CAMINO PALMERO #343, Los Angeles, 90046, County of Los Angeles, State of California.

3.  At all relevant times herein, the residential dwelling unit located 1750 CAMINO PALMERO #343, Los Angeles, 90046. County of Los Angeles, State of California was owed and operated by the Defendants CHERRI H. CHRISTIANSEN, a.k.a. CHERRI SANDLER & NICHOLAS CHRISTIANSEN, and each of them, individually and jointly as Husband and Wife.

4.  At all relevant times, Defendants CHERRI H. CHRISTIANSEN, a.k.a. CHERRI SANDLER, and NICHOLAS CHRISTIANSEN, and each of them, (herein after "Christiansen") resided in the County of San Diego, State of California located in the judicial district in which this claim is brought.

5.  At all relevant times, Defendant GENETURE INC., dba CITICREDIT.NET, (hereinafter "Geneture") were a California corporation doing business and employing individuals in the city of Irvine California, County of Orange, and State of California.

6.  The true names and capacities of Defendants, DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiff as herein alleged.

7.  Whenever in this Complaint reference is made to any act of Defendants, such

- 2 -

COMPLAINT FOR DAMAGES

1  allegations shall be deemed to mean that all named Defendants and DOES 1 through 50,

2  or their officers, agents, managers, representatives, employees, heirs, assignees,

3  customers and tenants, did or authorized such acts while actively engaged in the

4  operation, management, direction or control of the affairs of Defendants and while acting

5  within the course and scope of their duties, except where alleged to the contrary.

6                    **PRIOR RELATED LAWSUIT/LEGAL ACTIONS**

7        8.     Plaintiff Jon Harden (hereinafter "Plaintiff") originally filed his claims on

8  March 16, 2012 in the small claims division of the Superior Court of California, County

9  of Los Angeles, Inglewood Courthouse, case number 12S00482. On June 7, 2012, over

10  Geneture Inc.'s unsuccessful objection to jurisdiction in Los Angeles County and upon

11  the Court's finding that a tort was committed in the County of Los Angeles, the case was

12  reassigned to another Los Angeles Court having venue over the location where the real

13  property at issue is located. The case was assigned to Superior Court of California,

14  County of Los Angeles, Beverly Hills Courthouse, case number BH 12S00945.

15        9.     Upon numerous service attempts (over 15) on Defendant Sherri Christiansen,

16  Plaintiff was unable to actually serve said Defendant, despite doing skip traces and

17  knowing her actual address. Plaintiff is informed, believes and thereon alleges that

18  Defendant Cherri Christiansen lied to process servers at her home in San Diego

19  concerning her identity stating she "was not the Defendant" and, that the Defendant

20  "Cherri Christiansen" had "moved two months ago and no longer lives there." This fact

21  was confirmed by showing the process server a picture of Cherri Christiansen. The server

22  then stated, with a high degree of certainty, that it was, in fact, the Defendant Cherri

23  Christiansen that had denied her true identity to him. Likewise, Defendant Geneture Inc.

24  refused to identify themselves or take possession of the complaint yet, were served by

25  leaving the papers with what "appeared to be the Manager."

26        10.     Plaintiff attempted to reschedule trial by a timely fax filed motion. Plaintiff did

27  not make an appearance at the trial/hearing on November 14, 2012, as he had relocated to

28  Texas out of necessity. Plaintiff, expecting a continuance in the interest of justice found

COMPLAINT FOR DAMAGES

1   that the small claims Court, without ruling or comment on the motion to reschedule trial,

2   dismissed the action *without prejudice*, presumably because of the Plaintiff's non-

3   appearance. This case follows.

4       11.    Plaintiff selects this Court over the small claims division in order, partly, to

5   serve by publication the problematic Defendant Christiansen whom is dodging service.

6   Plaintiff selects San Diego County as the Defendant Christiansen resides is such County.

7   Additionally, Plaintiff seeks to fully collect all damages, actual, statutory and punitive,

8   and, without waiver, by the Plaintiff. Plaintiff is now unwilling, by reason of the

9   Defendant's conduct, to try and settle the action in a non-formal and amicable manner.

10  Plaintiff had originally attempted to do so by selecting the small claims division which, to

11  at his own peril, caused further loss of time and money thanks to Defendants conduct.

12              **FACTS COMMON TO ALL CAUSES OF ACTION**

13      12.    During December 2011 and January 2012 Plaintiff viewed residential property

14  for rent by Defendant's Christiansen, and each of them, located at 1750 Camino Palmero,

15  Unit 343, Los Angeles, 90046. Thereafter Plaintiff stated his interest in renting the

16  property. He had acceptable credit, no late payments, no collections and no public record

17  debts - perfect credit. Furthermore, he was already paying $3,000.00/month for his then

18  current yearly lease with no late payments. The Camino Palmero property would actually

19  have cost Plaintiff $1,375.00 less per month. Plaintiff could easily pay the rental asked.

20      13.    On January 2, 2012, Defendant Cherri Christiansen provided Plaintiff a "rental

21  application," which was the only form provided to the Plaintiff by Defendants, and each

22  of them. There were no other documents were provided to the Plaintiff before he

23  executed the "rental application" or before a *criminal background check* was ran by the

24  Defendants, and each of them, against the Plaintiff. The "rental application" form was

25  executed by the Plaintiff on January 3, 2012.

26      14.    At no time did Defendants', and each of them, properly disclose or inform

27  Plaintiff they would conduct a criminal background check on him. At no time was

28  Plaintiff aware that Defendants would conduct a criminal background against him. At no

COMPLAINT FOR DAMAGES

1   time did the Plaintiff have any actual knowledge that a criminal background check would
2   be performed on him. As such, Plaintiff was deprived of the right to refuse such conduct.
3       15.   Plaintiff signed the "rental application" with the simple understanding that a
4   customary standard credit check would be performed. Quite simply, with understanding
5   that the same processes that has been followed by other Lessor's for over twenty (20)
6   times in the past. At no time did the Plaintiff knowingly authorize the Defendants, or any
7   of them. to conduct a criminal background check on him as he was not presented the
8   forms disclosing or authorizing such a criminal background check. Therefore, *Plaintiff*
9   *was denied the right to refuse.*
10      16.   Plaintiff, a computer consultant contracting with the government and private
11  enterprises for over thirty (30) years knew by experience which forms are required to
12  conduct a criminal background check. No such forms were provided by the Defendants,
13  and each of them. Only the "rental application" was given to the Plaintiff.
14      17.   On January 6, 2012 Defendants, and each of them, unlawfully conducted a
15  criminal background check of the Plaintiff. The criminal check was ran by Defendant
16  Geneture, in violation of Cal. Civ. Cd. § 1786 et sec (The Investigative Consumer
17  Reporting Agencies Act - hereinafter "ICRAA") and Cal. Civ. Cd. § 1786.16 (a).
18      18.   The criminal report prepared by Defendant Geneture was, in fact, inaccurate.
19  Moreover, the report contained information *prohibited by the ICRAA from being*
20  *disclosed.* Specifically, that Plaintiff had been convicted of a crime which was false and
21  not reportable by reason of expungement. Furthermore, **nearly twenty years had passed**
22  since the alleged date of "conviction" and well beyond a seven (7) year reporting limit.
23      19.   The date of the alleged "conviction", as reported by Defendant Geneture on
24  their report, listed no date. Rather, it *unlawfully listed* a disposition date as "N/A" which,
25  is indisputably in violation of Cal. Civ. Cd. §1786.28(a). The alleged case and conviction
26  concerns an *expunged* case from 1993, which is *well beyond the statutory seven (7) year*
27  *reporting limit* of Cal. Civ. Cd. §1786.29(a), and the *criminal background check*
28  unlawfully discloses an alleged conviction that antedates the report by nearly 20 years.

-5-

COMPLAINT FOR DAMAGES

20. On January 8, 2012 Plaintiff was informed by Defendant Cherri Christiansen that his credit application was denied because *"False criminal background information provided on the application; Offense not disclosed"* and because of his "FICO score." Yet, Plaintiff had absolutely no negative credit. Furthermore, *Plaintiff was under no duty to disclose the alleged offense and hence plaintiff did not provide "false" information on the application.*

21. On January 8, 2012, Plaintiff, enraged over the acts of the Defendants, and each of them, demand via email a copy of the report, informed the Defendants Christiansen of their illegal conducted and stated that he fully intended to seek a remedy in court for a violation of his rights.

22. On January 10, 2012 Plaintiff obtained from Defendants Christiansen, via email, a copy of the consumer and criminal background check report prepared by Defendant Geneture. This was the first time that Plaintiff became aware of Defendant Geneture's existence, let alone involvement in his rental application. After Plaintiff conducted research the company listed on the criminal report prepared by Defendant Geneture was named "CITI CREDIT BUREAU." Such name was found to actually be the Defendant Geneture Inc. dba CITI CREDIT BUREAU.

23. Defendant Geneture Inc. and Defendants Christiansen failed to 1) provide Plaintiff with the identity, name, address and phone number of the consumer reporting agency that would be preparing the credit and "criminal background check" report in violation of Cal. Civ. Cd. § 1786.16(a)(3) and; 2) failed provide Plaintiff a form on which existed a check box informing the Plaintiff the he was entitled to receive a written copy of the report that was prepared in violation Cal. Civ. Cd. § 1786.16(b)(1) and; 3) failed to properly disclose, inform and obtain permission from the Plaintiff to conduct a criminal background check in violation of Cal. Civ. Cd. § 1786.16(a)(3) and furthermore, 4) failed to inform the plaintiff of the name, address, and telephone number of the person who prepared the report, issued the report and how to contact them in violation of Cal. Civ. Cd. § 1786.16(b)(1).

- 6 -

COMPLAINT FOR DAMAGES

24. On February 2, 2012, Plaintiff relocated to Texas with his parents because he was unable to secure a rental unit prior to the expiration of his then current lease. Plaintiff suffered costs for trunk rental, gas and storage fees.

25. On February 14, 2012, when Plaintiff was able to research the identity, name address and phone number of "CITI CREDIT BUREAU." Plaintiff then authored and faxed a letter of dispute to Defendant Geneture Inc. informing them of his protests: 1) lack of written authorization to conduct a background check under the ICRAA and; 2) a failure to provide disclosures required by law; 3) failure to obtain proper authorizations also required by law; 3) their lack of legal authority to report an alleged crime when the date of disposition of "conviction" antedates the report by more than seven (7) years and furthermore, was expunged; 4) failure to perform their affirmative duty to verify the information as accurate thirty (30) days before reporting it; 5) failure to provide their name, address and telephone number so the Plaintiff knew whom to contact.

26. On March 1, 2013 Plaintiff received an undated later from Defendant Geneture Inc. containing their response to Plaintiff's dispute(s). Defendant Geneture Inc. *knowingly and willfully lied or with gross recklessness and/or reckless disregard for the truth* falsely justified their legal authority and validity of their acts to the Plaintiff by stating 1) Plaintiff permission was obtained from the "rental application" through the words "and background information" which was concealed/buried in the signature line of a *"rental application"* and as such, is ineffective and non-complaint with Cal. Civ. Cd. § 1786.16(a)(3); and 2) stated they checked with the "Ventura County Clerk" whom told them (Geneture) that everything was fine/correct and that an "expungement does not 'erase' a conviction." Geneture then stated they had every right to report the alleged conviction.

27. Geneture then argued/highlighted in a court docket listing a 'guilty' plea that was entered on *2/22/1994.* However, *according to Geneture,* because the case/charge was expunged *on 10/9/2007* the "date of disposition of the conviction of crime", in their mind, *was now 10/9/2007* and *not 2/22/1994.* Hence, according to Geneture, the date of

- 7 -

COMPLAINT FOR DAMAGES

1  disposition of a "conviction of crime" occurred *within the 7 year reporting limit* and thus

2  was reportable - *despite the entry of conviction being listed as 2/22/1994*; further, 3)

3  Geneture remained silent and refused to address that the allege criminal offense *was*

4  *expunged and non-reportable* on background check reports and; 4) remained silent and

5  refused to address all other of Plaintiff's disputes.

6      28.   Geneture then sent a copy of highlighted in a court docket listing a 'guilty' plea

7  to the Defendants Christiansen and again *for the second time* violated the provisions of

8  ICRAA and invaded of Plaintiff's right of privacy.

9      29.   Thereafter, Defendant Geneture refused to correct the inaccurate report they

10  prepared against the Plaintiff when they knew, or should have known, the report was

11  inaccurate, unlawful and violated Plaintiff's constitutional right of privacy.

12      30.   On or about February 15, 2012 Plaintiff submitted a written dispute with

13  TransUnion, which Defendant Geneture claims was their source of information to receive

14  Plaintiff's criminal information.

15      31.   On March 23, 2013, TranUnion, in written letter, informed the Plaintiff the

16  report prepared by Defendant Geneture was in fact *inaccurate*. TransUnion also stated

17  *"based upon information obtained from the Ventura County [Court] website our offices*

18  *has removed the record(s) from our database and updated your report to no longer*

19  *include the record(s) in question."* These are the same records which Defendant Geneture

20  stated to the Plaintiff were valid, lawfully used and formed the basis for their denial of

21  liability and justification of their actions. *To date, Geneture has remained silent,*

22  *combative, taken no corrective action and continues to argue their actions were justified.*

23      32.   To date, Defendants, and each of them, failed to take corrective action and have

24  failed to take responsibility for their actions. Rather than answering to the Plaintiff or the

25  Court, they have tried to dodge service of process and refuse to acknowledge or even

26  defend their wrongdoing.

27  //

28  /

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
## VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT
### (Cal. Civ. Cd. § 1786 et sec.)
### (Against Nicolas Christiansen & Sherri Christiansen, a.k.a. Sherri Sandler)

33.  Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 32, inclusive, as though set forth fully herein.

34.  Defendants Christiansen, and each of them, failed to properly disclose, inform and notify the plaintiff that an investigative consumer report (criminal background check) would be made and *failed to provide by written notification, the name and address of the investigative consumer reporting agency that would prepare the report*. Hence, Defendants Christiansen, and each of them, violated the provisions of Cal. Civ. Cd. § 1786.16(a).

35.  Defendants Christiansen, and each of them, failed to disclose and *failed to provide the Plaintiff with a written summary of the provisions of Cal. Civ. Cd. § 1786.22, that Plaintiff was entitled by right to obtain and inspect the files maintained on him* in violation of Cal. Civ. Cd. § 1786.16(a)(3).

36.  Defendants Christiansen, and each of them, *failed to certify, or falsely certified, to Defendant Geneture that they had made the proper disclosures and obtained proper authorization as required by Cal. Civ. Cd. § 1786.16.* Hence, Defendants Christiansen, and each of them, violated the provisions of Cal. Civ. Cd. § 1786.16(a)(4).

37.  Defendants Christiansen, and each of them, *failed to provide the Plaintiff a means by with he could indicate on a written form, by means of a box to check, that if he wished to receive a copy of any report procured or prepared for them, that he could automatically receive a copy of his consumer report* within three days of the date they requested the report. Hence, Defendants Christiansen, and each of them, violated the provisions of Cal. Civ. Cd. § 1786.16(b)(1).

38.  Defendants Christiansen, and each of them, caused an investigative consumer criminal background check report be generated in connection with the rental application

COMPLAINT FOR DAMAGES

1   of a dwelling unit *without the informed consent of the Plaintiff and without following the*

2   *explicit and mandatory provisions of the ICRAA.*

3      39.  Plaintiff, an African American, also objects to the denial of his rental

4   application being wholly, or in part, based upon the existence of a "criminal offense" as

5   being unlawful race discrimination via disparate impact, as a matter of law, against a

6   protected class – African Americans – of which Plaintiff is a member.

7      40.  A plaintiff further object to Defendants Christiansen's classification of the

8   plaintiff as a liar by stating his rental application contained "false information" and as

9   such, such communication was false, defamatory and impugning of Plaintiff's character.

10   Defendant reserves the right to amend this complaint to add libel as a cause of action to

11   this complaint.

12      41.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is

13   entitled to a statutory award of Ten Thousand dollars ($10,000.00) pursuant to Cal. Civ.

14   Cd. § 1786.50(a) or actual damages to be proven at trial, whichever sum is greater.

15      42.  In doing the acts herein alleged, Defendants' acted willfully and/or with gross

16   negligence in conscious disregard of the rights of Plaintiff. Plaintiff is therefore entitled

17   to punitive damages pursuant to Cal. Civ. Cd. § 1786.50(b) in an amount according to

18   proof at the time of trial.

19

20
### SECOND CAUSE OF ACTION
### VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING
21
### AGENCIES ACT
### (Cal. Civ. Cd. § 1786 et sec.)
22
### (Against Geneture Inc.)
23      43.  Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through

24   40, inclusive, as though set forth fully herein.

25      44.  Defendant Geneture, through their website, provided the background check

26   forms to Defendants Christiansen, which was non-complainant with California law. Such

27   forms were used to unlawfully conduct an investigative consumer report of the Plaintiff.

28   Defendant Geneture failed to properly supply disclosures to the Plaintiff so as to inform,

COMPLAINT FOR DAMAGES

1   notify and obtain permission from the Plaintiff to run an investigative consumer report

2   which included a criminal background check. Furthermore, Defendant Geneture failed to

3   provide written notification of the name and address of their agency before, and after,

4   they obtained and prepared the report at issue. Hence, Defendant Geneture violated the

5   provisions of Cal. Civ. Cd. § 1786.16(a).

6       45.   Defendant Geneture, inaccurately generated a criminal background check report

7   of the Plaintiff which showed a criminal conviction listing no date of disposition but

8   rather listed "N/A" as the date of disposition.  Hence, Defendant Geneture violated the

9   provisions of Cal. Civ. Cd. § 1786.28(a).

10      46.   Defendant Geneture, failed to publish on the first page of their report, in twelve

11  (12) point type, the mandatory disclosures required by Cal. Civ. Cd. § 1786.29(a). To wit,

12  "the report does not guarantee the accuracy or truthfulness of the information as to the

13  subject of the instigation, but only that it is accurately copied from public records...."

14  Moreover, by Defendant Genitures own admission the information was, in fact, *not*

15  *accurately copied from public records.*  Hence, Defendant Geneture violated the

16  provisions of Cal. Civ. Cd. § 1786.29.

17      47.   Defendant Geneture, failed to verify the accuracy of the criminal information

18  they reported against the Plaintiff within the proceeding thirty (30) days *before* they

19  furnished the report to Defendants Christiansen. Hence, Defendant Geneture violated the

20  provisions of Cal. Civ. Cd. § 1786.18(c).

21      48.   Defendant Geneture knew, or should have known, that the criminal report they

22  were providing to Defendants Christiansen was, in fact, inaccurate.

23      49.   Defendant Geneture unlawfully reported and disclose to Defendant Christiansen

24  subject matter prohibited by law from being disclose. To wit, that Plaintiff had been

25  convicted of a criminal offense in 2/22/1994. Notwithstanding the data being inaccurate

26  and expunged, Defendant Geneture unlawfully reported the criminal information which

27  antedates the date of the criminal background check by nearly twenty (20) years, well, in

28  excess of the permissible seven (7) years mandated by Cal. Civ. Cd. 1786.18(a)(7).

COMPLAINT FOR DAMAGES

1    Hence, Defendant Geneture violated the mandatory provisions of Cal. Civ. Cd.

2    1786.18(a)(7).

3         50.    Defendant Geneture, in response to Plaintiff's dispute, improperly verified the

4    criminal inform they provided to Defendants Christiansen. Defendant Geneture further

5    used unreasonable procedures to verify and affirm their inaccurate information by stating

6    in essence "the court Clerk said an expungement does not 'erase' a conviction."

7    Moreover, Geneture, without verification or inquiry unreasonably reasoned the "case

8    disposition date" of *10/9/2007*, when the entry of expungement was entered, constituted

9    the "date of disposition of the conviction" and hence, was lawful to report after 20 years

10   had passed. Hence, Defendant Geneture violated the mandatory provisions of Cal. Civ.

11   Cd. 1786.18(c).

12        51.    Defendant Geneture then provided their "verification" data (court docket

13   printout and written letter) to the Defendants Christiansen completely in violation of

14   Plaintiff right of privacy and *again* in violation of the mandatory provisions of Cal. Civ.

15   Cd. 1786.18(a)(7).

16        52.    Defendant Geneture, took no steps to remedy or correct their unlawful and

17   illegally obtained report or, correct the inaccuracy of their report, *even after Transunion*

18   *notified them their report was inaccurate* and that they have removed the data.

19        53.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is

20   entitled to a statutory award of Ten Thousand dollars ($10,000.00) pursuant to Cal. Civ.

21   Cd. 1786.50(a) or actual damages to be proven at trial, whichever sum is greater.

22        54.    In doing the acts herein alleged, Defendants' acted willfully and/or with gross

23   negligence and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore

24   entitled to punitive damages pursuant to Cal. Civ. Cd. 1786.50(b) in an amount according

25   to proof at the time of trial.

26                        **THIRD CAUSE OF ACTION**
                          **INVASION OF PRIVACY**
27                        **(Cal. Const. art. I, § 1)**
                          **(Against All Defendants)**
28

---

- 12 -

COMPLAINT FOR DAMAGES

55. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 52, inclusive, as though set forth fully herein.

56. In California, the right of privacy is guaranteed by Cal. Const. art. I, § 1, as one of the "inalienable rights" of the people.

57. Plaintiff was a resident of California at the time Defendants, and each of them caused the violations of California law to occur. Plaintiff is entitled to the right of privacy guaranteed by Cal. Const. art. I, § 1 and such right was inalienable as to Plaintiff.

58. Plaintiff had a legislatively protected privacy interest in having an alleged criminal conviction, which was expunged and outside of the statutory reporting limit of the ICRAA, to remain private and not be subjected to disclosure during a rental application for a dwelling house. Such privacy interest was created and guaranteed by California legislative act in Cal. Civ. Cd. § 1786 et sec, the ICRAA.

59. Plaintiff had a reasonable expectation of privacy, in that the Defendants, and each of them, would conform their conduct to the law, the provision enacted by California legislative act which are set forth in Cal. Civ. Cd. § 1786 et sec, the ICRAA.

60. Plaintiff, to his humiliation, was subjected to a serious invasion of his privacy interest by the Defendants', and each of them, who consciously disregarded the provision Cal. Civ. Cd. § 1786 et sec, the ICRAA, by conducting an unauthorized and unlawful criminal background check, unlawfully obtained and disclosed protected and private information during the rental process, unlawfully used the illegally obtained private information negatively against the Plaintiff and failed to take any corrective action whatsoever regarding the illegally obtained and disclosed information.

61. Defendant Geneture additionally provided their inaccurate and unreasonable "verification" data to the Defendants Christiansen in form of a court docket printout and written letter thereby for the *second* time *completely violating of Plaintiff's right of privacy* and *again* in violation of the mandatory provisions of Cal. Civ. Cd. 1786.18(a)(7).

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff was

- 13 -

COMPLAINT FOR DAMAGES

1   harmed and suffered damages in relocation costa, storage cost and, most importantly

2   humiliation. Plaintiff is entitled to general and actual damages in an amount to be proven

3   at trial.

4       63.   In doing the acts herein alleged, Defendants' acted willfully and/or with gross

5   negligence, oppression, fraud, malice, and in conscious disregard of the rights of

6   Plaintiff. Further, Defendant has shown no remorse, remain evasive and combative.

7   Plaintiff is therefore entitled to punitive damages.

8       **WHEREFORE**, Plaintiff respectfully prays for judgment against

9   Defendants, and each of them, as follows:

10      1.   For all actual damages in an amount according to proof;

11      2.   For all statutory damages in an amount according to proof;

12      3.   For all other special and general compensatory damages according to proof;

13      4.   For punitive damages to the extent such damages are recoverable by law in the

14          above-entitled causes of action;

15      5.   For attorney's fees;

16      6.   For all costs in an amount according to proof;

17      7.   For all costs procured in the prosecution and travel in the small claims case

18          against said parties.

19      8.   For all travel costs in an amount according to proof;

20      9.   For prejudgment and post-judgment interest as available by law; and

21      10.  For all such other and further relief as this Court may deem just and proper.

22   DATED: June 3, 2013                    Respectfully submitted,

23

24

25

26

27   Jon Harden
     Plaintiff

28

COMPLAINT FOR DAMAGES

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7075 |

PLAINTIFF(S) / PETITIONER(S):     Jon Harden

DEFENDANT(S) / RESPONDENT(S):  Geneture Inc et.al.

HARDEN VS. GENETURE INC

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2013-00052380-CU-NP-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Richard E. L. Strauss                     Department: C-75

**COMPLAINT/PETITION FILED: 06/10/2013**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/06/2013 | 10:30 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 08-12)                          **NOTICE OF CASE ASSIGNMENT**                          Page: 1

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jon Harden<br>5201 Memorial Dr. Unit 220<br>Houston, Tx 77007<br><br>TELEPHONE NO.: 713-201-8616  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): jon_harden@hotmail.com<br>ATTORNEY FOR (Name): Pro Per | |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice Courthouse | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jon Harden | CASE NUMBER:<br>37-2013-00052380-CU-NP-CTL |
| DEFENDANT/RESPONDENT: Geneture Inc. et al. | JUDICIAL OFFICER:<br>Hon. Richard E. L. Strauss |
| **NOTICE OF RELATED CASE** | DEPT.:<br>C-75 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: HARDEN, JON VS. GENETURE, INC.
   b. Case number: 12S00482
   c. Court: ☐ same as above
      ☑ other state or federal court (name and address): Sup. Ct. of Calif. - Los Angeles County
   d. Department: Small Claims, Inglewood Courthouse
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other (specify): Small Claims
   f. Filing date: March 16, 2012
   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   h. Relationship of this case to the case referenced above (check all that apply):
      ☑ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☐ pending
      ☑ dismissed ☐ with ☑ without prejudice
      ☐ disposed of by judgment

2. a. Title: HARDEN JON VS. GENETURE INC. (Case 1 above transferred to Beverly Hills from Inglewood)
   b. Case number: BH 12S00945
   c. Court: ☐ same as above
      ☑ other state or federal court (name and address): Sup. Ct. of Calif. - Los Angeles County
   d. Department: Small Claims, Beverly Hills Courthouse,

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Jon Harden | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Geneture Inc. et al. | 37-2013-00052380-CU-NP-CTL |

2.  *(continued)*

    e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☑ other *(specify)*: Small Claims

    f.  Filing date:  Transfered on 6-7-12

    g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☑ No

    h.  Relationship of this case to the case referenced above *(check all that apply)*:

        ☑  involves the same parties and is based on the same or similar claims.

        ☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐  involves claims against, title to, possession of, or damages to the same property.

        ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐  Additional explanation is attached in attachment 2h

    i.  Status of case:

        ☐  pending

        ☑  dismissed  ☐ with  ☑ without prejudice

        ☐  disposed of by judgment

3.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

        ☐ other state or federal court *(name and address)*:

    d.  Department:

    e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply)*:

        ☐  involves the same parties and is based on the same or similar claims.

        ☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐  involves claims against, title to, possession of, or damages to the same property.

        ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐  Additional explanation is attached in attachment 3h

    i.  Status of case:

        ☐  pending

        ☐  dismissed  ☐ with  ☐ without prejudice

        ☐  disposed of by judgment

4.  ☐  Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 06-25-2013

Jon Harden
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: Jon Harden | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Geneture Inc. et al. | 37-2013-00052380-CU-NP-CTL |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

   Street address:

   City:

   State and zip code:

   b. Name of person served:

   Street address:

   City:

   State and zip code:

   c. Name of person served:

   Street address:

   City:

   State and zip code:

   d. Name of person served:

   Street address:

   City:

   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)